UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO A. MICHALSKI, : | |
|     Plaintiff, : | CASE NO. 3:15-cv-571 (VAB) |
| : | |
| v. : | |
| : | |
| ANDINO, *et al.*, : | |
|     Defendants. : | DECEMBER 4, 2015 |
| : | |

**RULING AND ORDER**

Plaintiff, Marco A. Michalski, has filed motions seeking leave to amend his Complaint, as well as motions seeking entry of default and default judgment. Mot. to Amend/Correct Compl., ECF No. 19; Mot. for Default Entry, ECF No. 20; Mot. for Default Judgmt., ECF No. 21. Defendants, Drs. Andino and Gillick, Nurses Jennien, Swan, Measner, and Mary, and APRN Cindy, object to the granting of these motions. Objection re: Mot. for Default Judgmt., ECF No. 22; Objection re: Mot. to Amend/Correct Compl., ECF No. 23.

Defendants argue that the Motion to Amend the Complaint should be denied as untimely. Objection re: Mot. to Amend/Correct Compl., ECF No. 23. The Court disagrees. The time limits in Federal Rule of Civil Procedure 15(a)(1) pertain to amendment as of right. Fed. R. Civ. P. 15(a)(1) ("A party may amend his pleading once as a matter of course…"). Here, Mr. Michalski is seeking the Court's permission to amend his Complaint. Thus, the motion is considered under Rule 15(a)(2), which provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Turner v. Boyle*, ___ F. Supp. 3d

\_\_\_, 2015 WL 4393005, at *27 (D. Conn. July 15, 2015) (noting that the Second Circuit encourages district courts "to allow *pro se* parties to amend their pleadings 'when justice so requires,'" so long as such amendments would not be futile).

Mr. Michalski seeks leave to supplement his allegations regarding his medical diagnoses and correct paragraphs in the original Complaint. He adds no new defendants and eliminates claims dismissed from the original Complaint. In other words, this new filing facilitates an orderly resolution of this matter. As a result, the Court concludes that Mr. Michalski should be permitted to file his Amended Complaint.

As an aside, the Court notes that Mr. Michalski includes Correctional Managed Health Care as a Defendant in the proposed Amended Complaint. The Court dismissed all claims against Correctional Managed Health Care in the June 23, 2015 Initial Review Order, ECF No. 7. Including Correctional Managed Health Care in the proposed Amended Complaint does not revive that entity as a Defendant in this case.

Mr. Michalski also has filed motions for entry of default and default judgment because Defendants have failed to respond to the original Complaint. Mot. for Default Entry, ECF No. 20; Mot. for Default Judgmt., ECF No. 21. As Mr. Michalski has been permitted to file an amended complaint, replacing his initial Complaint, those motions are now moot.

In conclusion, Mr. Michalski's motion seeking leave to amend his Complaint [**ECF No. 19**] is **GRANTED**. The Clerk is directed to docket the proposed Amended Complaint. All claims against Defendant Correctional Managed Health Care remain dismissed. The Defendants are directed to file their response to the Amended Complaint, either an answer or motion to dismiss, within **60 days** from the date of this Order.

Mr. Michalski's motions for entry of default [**ECF No. 20**] and default judgment [**ECF No. 21**] are **DENIED AS MOOT** in light of the Amended Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of December 2015.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge