UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCO A. MICHALSKI, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-571 (VAB) |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL MANAGED | : | |
| HEALTH CARE, et al., | : | |
|     Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Marco A. Michalski, currently incarcerated at Cheshire Correctional Institution, has filed this action *pro se* under 42 U.S.C. § 1983. Compl., ECF No. 1. On June 23, 2015, the Court dismissed Michalski's claims for violation of the Americans with Disabilities Act and Rehabilitation Act. *See* Initial Review Or., ECF No. 7 at 10. The Court also dismissed all of Mr. Michalski's claims against Correctional Managed Health Care under 28 U.S.C. § 1915A(b)(1). *Id.* Mr. Michalski's remaining claim is for deliberate indifference to a serious medical need against the defendant nurses and doctors in their individual capacities. These defendants have moved for summary judgment on the ground that Mr. Michalski failed to exhaust his administrative remedies before commencing this action. For the reasons that follow, this motion is DENIED.

**I. Factual Allegations[1]**

On April 22, 2013, Mr. Michalski entered the custody of the Department of Correction on his

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements, ECF Nos. 45-9 and 49-2, and supporting exhibits.

most recent term of imprisonment.  L.R. 56(a) Stmts. at ¶1.  Upon admission, correctional medical staff examined him.  *Id.* at ¶2.  On January 6, 2015, Mr. Michalski submitted an Inmate Administrative Remedy Form (CN 9602), seeking treatment for dental issues and carpal tunnel syndrome in his left hand.  *Id.* at ¶¶3-4; *see also* Def.'s Ex. D, ECF No. 44 at 7.

Defendants have produced two reports from correctional staff members who allegedly spoke with Mr. Michalski on January 24, 2015.  *See* Def.'s Mem. Ex. D & E.  Handwritten notes on the reports, allegedly written by the staff members, indicate that Mr. Michalski said that he was satisfied with the treatment afforded him for carpal tunnel syndrome and wanted to withdraw his administrative remedy request.  Mr. Michalski argues that he did not withdraw his request and submits an affidavit calling into question the credibility of these notations.

**II. Standard of Review**

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law.  Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He

must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Where one party is proceeding *pro se*, the court reads that party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal citations omitted). Yet even a *pro se* plaintiff cannot defeat a motion for summary judgment by relying solely on the allegations of a complaint. *See Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996).

### III. Discussion

Defendants move for summary judgment and argue that Mr. Michalski failed to exhaust his administrative remedies before commencing this action.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. *See Booth v. Churner*, 532 U.S. 731, 738 (2001).

Failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, defendants have the burden of proving that Mr. Chambers has not exhausted claims prior to filing this action. *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) ("Because failure to exhaust is an affirmative defense, defendants bear the initial burden of establishing … that a grievance process exists and applies to the underlying dispute) (internal citations omitted).

An inmate may be excused from the exhaustion requirement only if administrative remedies were not, in fact, available. *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016). The Supreme Court has identified three circumstances where an administrative remedy, although officially available, cannot be used by inmates to obtain relief. *Id.* at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, a remedy might be "so opaque that it becomes, practically speaking, incapable of use" because an "ordinary prisoner can[not] discern or navigate it [or] make sense of what it demands." *Id.* (citations omitted). Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

The Department of Correction grievance procedures are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies. *See* Defs.' Mem. Ex. F, ECF No. 45-7 ("Administrative Directive 9.6.") Specific requirements for review of a medical treatment decision are set forth in Administrative Directive 8.9, entitled Administrative Remedies for Health Services. *See* Defs.' Mem. Ex. G, ECF No. 45-8 ("Administrative Directive 8.9"). The procedures require an inmate first to seek informal resolution of the issue in person or in writing using an Inmate Request Form (CN 9601). *Id.* at ¶10. The appropriate correctional official has fifteen days to respond to a written request. If the inmate is not satisfied with the response, the inmate must apply for a Health Services Review, using the Inmate Administrative Remedy Form (CN 9602). *Id.* at ¶11. Upon receipt of the form, the HSR Coordinator will schedule a Health Services Review Appointment with a physician, dentist or psychologist/psychiatrist. If the physician determines that the existing diagnosis or treatment is appropriate, the inmate has no further administrative appeals. *Id.* at ¶11(F). The appointment will be

documented in the inmate's medical records as a Health Services Review Administrative Remedy appointment.  *Id.* at ¶11(C).

The defendants have submitted a copy of Mr. Michalski's January 6, 2015 grievance form.  *See* Defs.' Mem. Ex. D, ECF No. 44 at 7-8.  In this form, Mr. Michalski references two conditions, carpal tunnel syndrome in his left hand and a fractured tooth.  On January 24, 2015, a reviewer marked the form with a notation that Mr. Michalski's grievance had been withdrawn.  *Id.* at 8.  The note read: "Seen by HSRC on 1/24/15. Inmate reports he is satisfied with current plan of care for wrist, and will follow up as needed when outside records have been reviewed.  Inmate states this HSR request is withdrawn and will file for dental issue separately as noted in policy."  *Id.*  Using these notes, defendants argue that Mr. Michalski withdrew his grievance.  *Id.*

Additionally, defendants submit Mr. Michalski's Clinical Record, on which there is a handwritten note indicating that Mr. Michalski withdrew his request and "states he is satisfied with current plan of care."  Def.'s Ex. E, ECF No. 44 at 10.  Defendants point to the Clinical Record as additional evidence that Mr. Michalski withdrew his grievance.  Defendants do not identify the staff-member that made the notations on Mr. Michalski's Inmate Remedy Form (CN 9602) or his Clinical Record.  Mr. Michalski claims that defendant LPN Steve Swan treated him on January 24, 2015 and made the notes on his Clinical Record.  Pl.'s L.R. 56(a)(3) Stmt. of Disputed Facts at ¶1.  He says that it was Defendant Swan or another staff-member that signed his Inmate Remedy Form.  *Id.* at ¶3.

Mr. Michalski argues that he did not withdraw his grievance.  First, he filed an affidavit stating that he never withdrew his request and that the notations on his CN 9602 form and clinical records are false.  Pl.'s Ex. 13 (Affidavit), ECF 49-3 at 46, ¶3.  Second, he argues that, under Administrative Directives 9.6 and 8.9, defendant Swan did not have the authority to investigate or withdraw Mr.

5

Michalski's complaint because he was not an Administrative Remedies Coordinator or the Health Review Coordinator.  Pl.'s Mem. Opp. S. J. at 6.  Finally, he argues that the withdrawal of a grievance must be in writing on an Inmate Grievance Withdrawal Form and submits a copy of the form.  *Id.* at 6-7; *see also* Administrative Directive 9.6, Section 6(N) ("A grievance withdrawal must be filed in writing utilizing CN 9607, Inmate Grievance Withdrawal Form"); Pl.'s Mem. Ex. 1, ECF No. 49-3 at 2.  Mr. Michalski states in his affidavit that he never completed such a form and notes that the defendants have not provided a copy of a withdrawal form signed by Mr. Michalski.  Pl.'s Ex. 13 (Affidavit), ECF 49-3 at 46, ¶3.  For these three reasons, Mr. Michalski argues that there is a genuine issue of material fact as to whether he withdrew his grievance and thus could be considered to have exhausted his administrative remedies.

Construing the evidence in the light most favorable to Mr. Michalski, and drawing all reasonable inferences in his favor, a reasonable jury could find that Mr. Michalski did not withdraw his complaint.  A genuine dispute exists as to whether Mr. Michalski actually told defendant Swan or another correctional staff member that he wanted to withdraw his complaint.  Mr. Michalski presents an affidavit that, taken as true, calls into question the credibility of the notations on his CN 9602 and Clinical Record.  The Court cannot resolve credibility issues on a motion for summary judgment.  *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) ("In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence") (internal citations omitted).  There is a genuine issue of fact whether Mr. Michalski withdrew the grievance and, therefore, whether he exhausted his administrative remedies before commencing this action.

IV. **Conclusion**

The defendants' motion for summary judgment [**ECF No. 45**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of October 2016.

                                               /s/ Victor A. Bolden
                                               Victor A. Bolden
                                               United States District Judge